# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:93CR46-02-C

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| ) | |
| DEXTER ALOYSIUS FORD, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** comes before the Court upon the Defendant's "Motion to Terminate Installment Payment of the Criminal Fines in the Case Sub Judice"(Document No. 1) and the Government's Response to Defendant's Motion (Document No. 2.)

On June 2, 1993, the Honorable Judge Robert Potter sentenced Defendant to 236 months imprisonment and fined him in the amount of $5,000.00 for his drug crimes. To date, Defendant has paid $468.94 toward his fine through the Bureau of Prisons Inmate Financial Responsibility Program ("IFRP") at a rate of $25.00 per quarter, which the exception of last payment, which was $35.00. By the instant Motion, Defendant seeks to terminate the installment payments and contends that the Court has no jurisdiction to continue to order installment collection.

First, the Court notes that although Defendant had the right and opportunity to file a direct appeal challenging the terms of his judgment, if he objected to such terms at the time they were imposed, he failed to do so. Therefore, he cannot now, thirteen years after being sentenced, object to the terms of his judgment. Next, Defendant did file a Motion to Vacate pursuant to 28 U.S.C. § 2255, (see 3:97cv213), on April 23, 1997 in which he collaterally challenged his conviction and

sentence. Judge Potter denied Defendant's Motion to Vacate on February 2, 1998. Defendant filed an appeal to the Fourth Circuit Court of Appeals following the denial of his Motion to Vacate, which was dismissed on September 8, 1998. Petitioner has had all the review of his conviction and sentence to which he is entitled. To the extent that Petitioner is again challenging his conviction and sentence any such motion would be considered a successive petition filed without the permission of the Fourth Circuit Court of Appeals. See 28 U.S.C. § 2244 (b)(3)(A).

Next, the Government contends and the Court agrees, that the real nature of Plaintiff's Motion is that he objects to a portion of his prison wages being applied to the payment of his fine. The Court is aware that when an inmate enrolls in the IFRP, the inmate meets with a unit team at the facility to develop a payment plan based upon available financial information about the inmate. 28 C.F.R. § 545.11(a) (2004). The program which is voluntary[1] allows the inmate to work and earn wages, a portion of which are applied to any outstanding monetary penalties in accordance with the terms of the IFRP. The purpose of the IFRP is to help inmates live up to their financial responsibilities, fulfill their sentence and re-enter society. 28 C.F.R. § 545.10 (2004). Once the inmate agrees to the plan proposed by the IFRP, the inmate then bears the responsibility to make payments on a regular basis and to provide documentation to the local team of his compliance. 28 C.F.R. § 545.11(b)(2005).

To the extent Defendant is seeking to get out of his obligation to comply with the terms of the IFRP, he can stop his participation at any time without Court intervention. However, to the

---

[1] While the program is voluntary, those who do not participate are not eligible for certain incentives such as furlough, performance or bonus pay, work details outside the prison, or drug treatment and educational programs and are subject to commissary spending limits. 28 C.F.R. § 545.11(d) (2005).

extent that Defendant is seeking to have this Court terminate his payments, without Defendant losing the privileges he gained through his participation in the IFRP, that request is DENIED. Additionally, while Defendant argues that the Court has lost the jurisdiction to continue to order installment payments, he has cited no controlling authority[2] for this proposition and the Court is not aware of any such authority.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendants "Motion to Terminate Installment Payment of the Criminal Fines in the Case Sub Judice" (Document No. 1) is DENIED.

**SO ORDERED**.

Signed: December 6, 2006

Robert J. Conrad, Jr.
Chief United States District Judge

---

[2] Defendant cites to a case from the District of New Jersey.